15 apiece. Save a little time for rebuttal. Sound fair enough? More than adequate. Okay. Great. Good morning, Your Honors. My name is Richard Steck. I'm here on my own behalf, directly as well as, I think, indirectly on behalf of a client who was not a party to the litigation below, but who wishes to remain anonymous. May it please the Court, the main function of a lawyer is to protect his clients. Often that's protecting them from other individuals or entities. Sometimes it's protecting them from themselves. But either way, the main function is protection. In this case, you have the burden, don't you, to show why the client's identity should be protected? No, I don't think I do. Why? What case says you don't have the burden? I believe that the rule that governs citations places the burden on the judgment creditor to establish some reasonable belief that there should be an identification of a witness who is not a party to the proceedings. That's not, no. They have asked you a question, and you asserted the attorney-client privilege. So why isn't it your burden? Because you're the one that is asserting it. How could it be their burden when you're the one asserting the attorney-client privilege? I did not assert only the attorney-client privilege. I also asserted that the information was confidential under Rule 1.6. Still, whether it's Rule 1.6 or it's attorney-client privilege, you're the one asserting it. So it would seem under the law, not under, you know, the rule is interpreted to put the burden on you. Now, whether you want to accept it or not, that's okay. But let's assume that you have that burden. So what is it in the record that indicates that this client's identity has to be confidential? I disagree that I have the burden, and I disagree for the same reason that I would say that I don't have to meet any burden other than to show that he's not a party to the litigation. You did not object to the – what you're objecting to is a basis of attorney-client privilege, right? And the rule. And the rule. That's your objection. Yes. Okay. And they have the burden to try to – how do they have the burden? Because you didn't object to the information on the basis that they didn't provide a basis for that information. You objected an attorney-client privilege in the rule. No, I disagree with that. I told them that it was irrelevant. Well, you can say that. So what's the basis for irrelevant? Because the identity of a third-party client of mine is not relevant to a citation proceeding. Why not? If they have information with regard to assets of the judgment creditor, that is relevant. That's exactly my point. They have no such information. Well, how do we know? Well, let them tell you what their information is. How would they know when they don't know the identity of your client? That's their problem, not mine. That's your problem. That's why you're here. You're in contempt for not revealing the identity of your client, right? Well, I was held in contempt. I think it's an erroneous decision. Okay. And so are you conceding then there is nothing in the record to indicate why, on a factual basis, the client's identity, your client's third-party client's identity, should be confidential?  No, I don't concede that. Okay. You can tell me what's in the record that provides it. The record shows that this is a third-party for which they have absolutely no information, is holding any assets or has any, for that matter, any financial relationship with the judgment creditor. How would they know that without knowing the identity? I mean, again, it's kind of a circular argument here. They're not allowed to use a citation procedure for that. Well, that's exactly what the citation procedure is for.  And that was a far clearer case of a relationship between the parties. In which case? That's the Kellenberger case, which was cited in my reply brief, where the court quashed basically a citation on the parents of the judgment debtor because although the judgment creditor was attempting to find the location of their son, they had no information that the parents were holding any assets of that individual, their son. And the court said that's not a proper purpose for a citation to go discover witnesses. Well, here we do have evidence, don't we? Because you admitted that this client provided you with something of value. You call it intangible. But it provided you something of value. Goodwill, right? Absolutely, yes. So what is this, pro bono incognito? I don't know what that term is either. Instead of pro bono publico? I mean, you're getting goodwill here. You're trying to prevent them from finding out the name of the client. And I think you have to persuade us that either of the exceptions are satisfied. And you cite the Sassini case. I don't see how that helps you. I think your question was, I'm not sure I'm interpreting it correctly, is why would I represent somebody for free? Is that what you're trying to get at? No. What I'm suggesting is that there are inferences here that you are receiving client matters in the form of goodwill. And that your colleague on the other side is suggesting that that leads to an inference that there might be some information that they have regarding the underlying debtors. I don't think that should lead to that inference at all. And I don't see how it does. No, I know you don't think it should. Let's talk about the substantial harm exception to revealing the client's name. Where is the substantial harm? In the Sassini case, they had the possibility that the client would be charged with a felony. Where is the substantial harm here? My client believes that there's substantial harm because this client would then be exposed to the harassment that's been going on in this case since the very beginning. What harassment? This is a citation that has now lasted for more than three years. They can last a long time. Part of it is because of the delay in this particular citation with negotiations and going back and forth and the e-mails and so forth, and now it's on appeal. So that's not the issue. Oh, it is the issue. Oh, delay is the issue? Well, it's a large part of the issue, yes. But the prejudice here is that they would be harassed by having to become involved in answering interrogatories and subjecting themselves perhaps to depositions, things like that. That's the substantial harm that you're comparing to a felony in the Sassini case. I'm not comparing it to a felony. I don't think you have to compare it to a felony to create substantial harm. This individual does not want his name attached publicly to these judgment debtors for whatever reason. That's not really the test, is it? I mean, the test isn't what your third-party client wants. The test is what the rule says. I mean, a lot of people don't want a lot of stuff to happen to them, but that's not really the test we're using here. Of course. The test we're using here is whether or not you have an obligation to disclose this information so the court can figure out who owes what to whom. But the rule also says, and this case says, the one I cited, Kellenberger, that conducting a citation for the purpose of discovering individuals going on a fishing expedition with no knowledge, no reason to believe that this person is holding assets is improper. That's not true. We have knowledge that you are benefiting by getting cases from this third party as a goodwill gesture to take care of whatever is going on with the parties that interest. So you've acknowledged that. We have knowledge of that. That does not mean that this individual is holding assets. Well, then you'd have to have us believe that there's some perfect stranger. It's like, remember that TV show, you know, you get a million-dollar check from some stranger? Does that happen in the real world? Is some good person just out there giving you cases of free will for no reason at all just because, what, because they like you, because they like this client of yours that they heard about? What are we supposed to believe here? The answer to your question is yes, it happens all the time. Oh, you get cases from people for goodwill all the time to represent other people that they don't know and have no connection to. I didn't say they had no connection. I never said they had no connection. What I have said is that they have not shown that there is any financial connection, which is a wholly different thing. It definitely is. In the real world, in the real world, people pay other people's legal fees and get them legal representation without having any connection to the case that is underlying the situation. Absolutely. So that's very respective of the point. Justice Levin asked a very good question. Where's the prejudice? What you have mentioned so far hasn't prejudiced. The fact that somebody has to go through a deposition or interrogatories, that's not prejudice under the law. In fact, what in the record shows their prejudice to your client? Or that it fits under the public interest exception that's the same. That would be the other point, yeah. I disagree. But even if I didn't disagree, that doesn't address Rule 1.6. We know how to separate issues. Let's talk about what I asked. I'm not suggesting. No, no, no. I apologize. Look, look, you can't hurt my feelings, okay? I'm immune. Don't worry about it. Seriously. So with regard to the prejudice or public interest factors, let's just talk about that. We're not talking about the rule. Tell me, what is in the record that indicates this? The public interest is affected by the fact that this is a third party. This is not a party to the underlying litigation. All of the cases cited by my opponent, the few that they were able to find, involve actual parties to the litigation and the protection of their identity. No, no. That's not true. In a collection matter, you go to a bank. The bank is a third party. You have no connection with the litigation at all. You can go to a relative. No connection at all with the litigation. They may have money that is owed. You can go to whatever. I mean, there's lots of people. Their employer. No connection whatsoever to the litigation. So that is not a point. So let's put that to the side. What else do you have? I'm trying to help you. I'm trying to find out what is it in the record that shows prejudice or public interest? I understand your point, but I disagree with it. You can disagree with it, but is there anything in the record? You can see there's nothing in the record? No, I think there are things in the record, but you've already said to me, in light of your question, that they don't rise to the level of public interest. I disagree. Because I think the dilution of the privilege is of public interest. I think 1.6 is an overriding public interest. Well, that's not what the law says, and that's not how 1.6 has been interpreted. Show us a case. There isn't any. You don't cite any under 1.6. No case has been cited to the contrary. If you look at Rule 1.6, it contains specific exceptions for what must be revealed by the attorney. And none of them cover this. No. The question is that you have to have the you disagree, but it is your burden to come up with something. And the fact that you don't like it or your client doesn't like it is not sufficient under the law. And so I'm trying to find out if there is something here that we're missing. Otherwise, you haven't presented anything to substantiate your claim. The only way I could do that, I assume you're saying that this was not a consultation with this client for giving legal advice, right? But the only way I can approach that issue is to tell you what my client said to me. And that's not right. That's not fair. That's putting the cart well before the horse. It's reversing the entire process. That's not what they're asking. You're putting a question in that has not been proposed by the creditors. That's not the question. Their question is the identity of that individual. And then they can – There were two grounds they wanted, two grounds for which I was held in contempt. First, for not identifying this individual. Second, for not telling them what that individual said to me. Both of those things are the reason I was held in contempt. Not just the one. Okay. So with regard to the second one, you have a burden. It's not their burden. But under the law, you have a burden to show. And if you haven't shown and met that burden, then the result is the order from the trial court. If that is the rule, and I don't believe that it is, it would require me to reveal the conversation with my client in order to establish what you call the grounds. I don't think I need to do that. I don't think I should be required to do that. That makes the whole thing empty. Well, what you're saying is just because a lawyer insists on making a claim of confidentiality, we have to accept it. That's what you're saying. I'm not insisting on it. My client is insisting on it. Okay. And if your client is insisting on it, then you have to give us some basis to follow it. And just because your client says it, we don't have to follow it unless you give us a basis to do so. That's what the law says. I mean, I just – so unless you can give us a basis, other than generalities, I cannot reveal what my client said to me without revealing what the conversation was about, vis-a-vis these judgment debtors. So you're willing to – I can't do that. So you could have – at least then you could reveal the identity, because if you say you can't reveal the conversation, you couldn't reveal the identity. You haven't done that either. The same problem will apply. If I reveal the identity, then it may reveal the reasons. And if I reveal the identity, then they will undoubtedly serve him with a citation, regardless of the fact that they have not – cannot articulate any basis to believe that he's holding assets of the judgment debtor. Well, how would they know who it is? Well, they can ask the judgment debtor who's paying his legal fees. In fact, they did. They don't know. They don't know. I mean, according to you, you would have – I didn't say that. And the witness testified who he thought was paying his legal fees, the judgment debtor, Mr. Bextor. Okay. Before we ask you to wrap up, given the time, let me ask you to address your colleague's suggestion regarding Rule 1.6, that the Shatkin case, which you also cite, does not – suggests that this rule on its face is not a bar to disclosure. Why don't you give us your side of that particular issue? Shatkin did not involve a third party. It involved somebody who was already within the jurisdiction of the court. Okay. And that person apparently had had financial dealings with the judgment debtors. The opinion doesn't read very well, frankly. It's hard to figure out exactly what happened. But from what I can glean from it, the individual who was involved there, the attorney, actually was dealing with them wearing two hats, if I recall correctly. One is his attorney, and secondly is somehow involved in the business of the judgment debtor. That is not the case in the – here, in this case. So it's distinguishable. I believe it's distinguishable on those two grounds. Gotcha. All right, why don't you wrap up, and then we'll hear from your colleague. Well, I think I've said everything that covered the issue, so I don't really have anything to wrap up. But let me say this. I think that policy-wise it makes no sense to require attorneys to reveal the names of non-clients, or not non-clients, but clients who are not parties to litigation. I don't think that's a wise course. I think it will lead to unintended consequences, and I don't think it should be allowed. Okay. Thank you very much. All right. Have at it. Amy Kantorowski on behalf of the appellees, the judgment creditors in this case. Before Your Honors today regarding a contempt finding against my colleague, and as Your Honors are aware, the specific contempt was my colleague's refusal to answer two specific questions at his citation examination. One question was, what is the identity of the third party who asked my colleague to represent the judgment debtors for free? He said that you could have asked the judgment debtors. And that argument was made in the Shatkin case as well. The attorney responded in that case, said that the judgment creditors were free to ask the judgment debtor those questions, and the fact that the judgment creditors in that case might know the identity of the client was an excuse for the attorney's refusal to respond to that question. And the court in the Shatkin case rejected that defense. We have asked this judgment debtor many, many, many questions. I didn't ask that one. We did ask that question. He gave us an answer about who he thought it might be, but he wasn't entirely clear. And the problem with this particular judgment debtor is his relationship with the truth is flexible. So we don't have to take the judgment debtor on his word. We issued a citation to counsel. We attempted to work things out with him for a long period of time. And when it became clear that we weren't going to be able to do so, we engaged in a citation examination. We asked him questions that were relevant, and he refused to answer those questions. And his refusal to answer them was based not on relevancy at that time. His refusal to answer was based on his assertion of attorney-client privilege and also confidentiality pursuant to 1.6. But he waived the relevance issue. He did bring it up. We would argue that he did. And so we can address the relevance issue if Your Honors would like us to, but we think it's clearly relevant. And the Shatkin case says that it's relevant, that the relationship between judgment debtors and third parties is a relevant area of examination during citation proceedings. Counsel relies heavily on a case in which the court found that it is an improper use of a citation to simply find the location of a judgment debtor. That's not what's happening here. We had a good faith basis that Mr. Sec might have information about assets of the debtor, and so we began a citation examination on that topic. During his citation examination, we found out that there might be somebody else who had information about assets of the debtor. We don't have to prove that there is, without a doubt, a financial relationship between the judgment debtors and this unnamed third party before we can investigate that further through a citation. We just have to have a basis. It hasn't been in part waived. The judgment debtors themselves speculated, you said, who it might be. So they didn't at that time say, well, and I assume they were represented? By Mr. Sec. By Mr. Sec. So if it was so confidential, when you asked the question there, there was no objection? There was no objection. So you're asking the same question to him that was asked of his clients, and now he's saying it's attorney-client in that situation, but in the other situation, it wasn't. Right. So. That's a waiver as well, and there's an additional waiver there, Your Honor. If the judgment debtors know the identity of this individual and the reasons provided to Mr. Sec. for the request, then that privilege has been, if it is privileged, then we think it's not privileged. But assuming that it was, it's been waived. It's been waived. It should have been invoked at that time. Correct, Your Honor. Correct. And why is it that you want the identity? I understand that. But he says you want to know the reason why they are, this person came forward to get Mr. Sec. to represent the judgment debtors. Right. Because we believe when we issue a citation to this third-party unnamed client after we find out his or her identity, Mr. Sec. will raise an objection that we're on a phishing expedition because there's no proof of any knowledge by this third party of any assets of the judgment debtor or any financial relationship between the two. Now, there's clearly an implication that there's a financial relationship. Mr. Sec. is an able attorney, and he has, I'm sure, many, many ways that he could spend his time. He has been litigating this citation proceeding with us for the better part of two years. And so somebody who is apparently also a client of Mr. Sec. called in a favor from Mr. Sec. in exchange for the provision of, you know, intangibles, as the brief describes it, goodwill, the referral of other clients. Favors only go so far, and there's a reason that favor was called in, and we would like to know what it is. One of the clear implications is there is some kind of financial relationship between this unidentified party and the judgment debtors in this case, and we are entitled to explore that. The range of relevancy in citations is very, very broad. It's different than what you're able to discover in the underlying litigation. We're entitled to query about where the assets are of these judgment debtors and where they have been. There is a judgment on its face of $1.6 million and some change that with post-judgment interest that is accrued. It's over $2 million at this point, and the judgment debtors in this case are operating as if no judgment has ever been entered and citations haven't been issued. And we're entitled to explore everything that's going on with their financial situation so that we can locate and get turnovers of assets if they still exist. So, Your Honors, we're absolutely accurate in identifying that the burden here rests entirely with my colleague to establish his claim of privilege, to establish his claim of confidentiality, and there's just no facts in the record that would establish that the identity of the client is privileged. We cited the Shatkin case. We cited the Cesena case. For those propositions of law, there's no case law that would allow Mr. Seck to use Rule 1.6 or the comments thereto as a shield against disclosing the identity of that client, and that particular argument has been rejected by Shatkin, and it's been rejected by Cesena. So Mr. Seck cannot invoke that to avoid his obligations under the cycle. The last argument he makes that this would be a horrible policy decision, you know, sort of opening up for a parade of horribles, that there would be all these intrusions into attorney-client privilege as a result of, you know, us affirming what the trial court did in this case. Well, courts have considered that possible parade of horribles and set forth two exceptions, the public interest exception and the substantial harm exception. The public interest exception, my colleague's argument on that, is that the attorney-client privilege is a very important public interest issue, and so you should therefore prevent him from having to disclose the identity of his client to protect attorney-client privilege, but that's an exception that would swallow this rule in its entirety. And that's the substantial harm. We found one case on that, and that was the Cesena case, and the substantial harm that the court found was that this particular client, whose identity his attorney sought to prevent from disclosure, would face a felony charge should the client's name be revealed. There's no – we're not – we're not even near that kind of harm. What will happen to the third-party client if Mr. Seck identifies him? At worst, the citation to discover assets will be issued to him or her, and this person will be, you know, required to answer questions about his or her relationship with the judgment debtors. That's not substantial harm, and there's no parade of horribles here. I mean, it's bedrock law in Illinois that the identity of your client is not privileged, and Mr. Seck's argument would turn that rule on its head. And the parade of horribles that would come has not been of concern – sorry, the parade of horribles has not occurred in the decades which that has been the law. And the flip side of Justice Levin's question is if we were to establish as a public policy that it shouldn't be disclosed, then judgment debtors would rush to hide their assets and there would be no process for collecting debts. Exactly correct, Your Honor. And as someone who practices in that field, it's extremely difficult as it is without extra burdens being put on it. It's a bit of a specialty practice, right? Right, it is. So unless anyone else has any additional questions for me, I have nothing further for the panel. Thank you. What's been swallowed, and I think it's been swallowed whole, is the actual rule-governing citations of the Supreme Court where they said there has to be some belief. I take that to mean a reasonable belief that someone is holding assets before you can go on a fishing expedition looking for them. That's what's going on here. Yes, citation proceedings are broad. It doesn't mean that they swallow every other rule. It doesn't mean that they swallow attorney-client privilege. It doesn't mean that they swallow Rule 1.6. There has to be some belief. The entire argument you just heard from the other side was rank speculation with no basis. If you compare it to the other case that I cited in the reply brief, the Adam Usick case, where there was all kinds of theoretical evidence that the third party was somehow involved with the judgment debtor, including the fact that they had taken the website that had been used previously, that they claimed that the name on the party's trucks was the name of the judgment debtor and other evidence. And the court still said you have to have some, you know, articulable objective belief before you can just go issuing citations to anyone at all. So that's a relevancy objection. Where is your relevancy objection? I didn't waive any relevancy objection. It's actually in the record, both in the e-mails that were exchanged between the parties, as well as the written answer to the citation. Where is it in your brief, your opening brief? I'm sorry? In your opening brief? I couldn't tell you. Right off the hat, I'd have to look. Is it in your opening brief? I believe it is, yes. You believe it is? Yes, because I think in the statement of facts, for one place, I indicated that. I'm not talking about the fact. I'm talking about the argument. I'm really not, sir. Well, we can check on that. I don't believe that it was waived below, and I don't think it was waived in this court. Okay. I don't have anything further. All right. Thank you very much. For the briefs and argument, we will take the matter under advisement. We have one case behind you, so if you can retreat.